IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GENESIA NAN MCKINNEY,<br><br>Defendant. | Case No. 22-CR-269-JFH |

## OPINION AND ORDER

Before the Court is a Motion to Rescind Plea Agreement ("Motion") filed by Defendant Genesia Nan McKinney ("Defendant"). Dkt. No. 49. The United States of America ("Government") filed a response in support of the Motion. Dkt. No. 52. This matter is set for sentencing hearing on November 3, 2023. Dkt. No. 48.

On May 3, 2023, Defendant pled guilty to the single-count indictment as a result of a plea agreement entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. No. 46. In the plea agreement, the parties stipulated to a sentence of forty-six (46) months of imprisonment and indicated that it was their mutual belief that this sentence would fall within the anticipated advisory guideline range under the United States Sentencing Guidelines. *Id*. at 11-12.

However, upon disclosure of the presentence investigation report, the parties determined that their stipulated sentence was nine (9) months longer than the top end of the United States Probation Office's advisory guideline range calculation. Dkt. No. 49 at 1. For this reason, Defendant seeks to rescind the plea agreement or, in the alternative, asks the Court to reject the plea agreement and sentence Defendant within the correct advisory guideline range. *Id*.

Initially, the Court notes that while it may adopt the presentence investigation report for the purpose of forming the factual basis for the Court's sentence, the Court must still make its own

determination of the applicable sentencing range under the United States Sentencing Guidelines. Although the United States Probation Office may not have applied an enhancement in its calculation, the Court may nonetheless find that there is a factual basis for such an enhancement in its own calculation. In short, the Court has yet to calculate the advisory guideline range in this case. Therefore, the parties' stipulated sentence may, or may not, fall within the Court's advisory guideline range calculation. At this juncture, it is too early to say whether or not the stipulated sentence falls within or outside of the advisory guideline range.

Regardless, the Court will address Defendant's request to rescind the plea agreement. Defendant contends that the plea agreement may be rescinded pursuant to the test set forth in *United States v. Frownfelter*, 626 F.3d 549 (10th Cir. 2010). Dkt. No. 49 at 3. *Frownfelter* held that a plea agreement may be voided on the basis of mutual mistake where the following elements are satisfied:

> 1. The mistake must relate to a "basic assumption" on which the contract was made;
>
> 2. The mistake must have a "material effect" on the agreed exchange of performance; and
>
> 3. The party seeking relief from the agreement must not "bear the risk" of the mistake.

626 F.3d at 555 (internal citations omitted). The Court finds that the first two elements fail.[1]

First, the Court finds that there was no mistake regarding the basic assumption on which the plea agreement was made. The basis of the plea agreement was that Defendant would plead guilty to the indictment and the Government would agree to a specific sentence to avoid the uncertainty of trial and to achieve a level of certainty as to the outcome. Dkt. No. 46 at 11-12.

---

[1] Regarding the third element, the Court notes that under general principles of contract law, the Government "assumes the risk" as the drafter of the plea agreement. *Frownfelter*, 626 F.3d at 556.

2

Additionally, as a result of Defendant's plea, the Government would recommend a total reduction of three levels for Defendant's total offense level for acceptance of responsibility under the United States Sentencing Guidelines. *Id*. at 10. While it is clear that the parties believed that a sentence of forty-six (46) months of imprisonment would fall within the advisory guideline range at the time they entered into the plea agreement, nothing in the plea agreement indicates that the parties' anticipated advisory guideline calculation was a basic assumption of the plea agreement. To the contrary, the plea agreement states that the parties agreed to the stipulated sentence "regardless of any advisory Sentencing Guidelines calculations." *Id*. at 12.

For this same reason, the Court also finds that Defendant has failed to show that the parties' purported mistake regarding the advisory guideline calculation had a material effect on the agreed upon exchange. Although the parties expected that the stipulated sentence of forty-six (46) months of imprisonment was within the advisory guideline range, the parties nonetheless agreed that this was a fair and appropriate sentence "regardless of any advisory Sentencing Guidelines calculations." Dkt. No. 46 at 12. This undercuts Defendant's argument that the parties' agreement to forty-six months of imprisonment results in an imbalance in the agreed exchange so severe that she cannot fairly be required to carry it out. For these reasons, the Court finds that the circumstances presented here do not satisfy the *Frownfelter* test and, therefore, Defendant's request to rescind the plea agreement is denied.

The Court also denies Defendant's request to reject the plea at this time. The Court will take up the issue of whether to accept or reject the plea agreement at the time of sentencing. However, Defendant may renew her request to the Court to reject the plea agreement in accordance with the Court's sentencing scheduling order [*see* Dkt. No. 48].

IT IS THEREFORE ORDERED that Defendant's Motion to Rescind Plea Agreement [Dkt. No. 49] is DENIED.

Dated this 4th day of August 2023.

                                                   JOHN F. HEIL, III
                                                 UNITED STATES DISTRICT JUDGE